United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNILOC USA INC, et al.,

Plaintiffs,

v.

LG ELECTRONICS U.S.A. INC., et al.,

Defendants.

Case Nos. 18-cv-06737-JST; 18-cv-06739-JST; 18-cv-06740-JST

**ORDER GRANTING IN PART MOTION TO SUBSTITUTE PARTY AND DECLINING TO CONSOLIDATE CASES**

Re: ECF No. 66, 75

Before the Court is Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg, S.A.'s motion to substitute Uniloc 2017 LLC as plaintiff pursuant to Federal Rule of Civil Procedure 25(c), filed in *Uniloc USA Inc. v. LG Electronics U.S.A., Inc.*, 18-cv-06737-JST, ECF No. 66.[1]  Defendants opposed the motion, citing concerns that Uniloc 2017 or the original Plaintiffs lack standing to pursue this action.  ECF No. 71 at 8-10.

After Defendants filed their opposition, the Court granted Defendants' motion to relate to two other cases between the same parties.  ECF No. 74.[2]  The Court then issued an order to show cause why the cases should not also be consolidated.  ECF No. 75.

On reply, Plaintiffs expand their substitution request to two related cases.  ECF No. 77 at 2.  Despite the lack of a formal motion, the Court construes this motion as applying to all three above-captioned cases for purposes of judicial economy.  Plaintiffs also filed an opposition to consolidation, ECF No. 80, while Defendants filed a brief in favor of consolidation, ECF No. 82.

For the following reasons, the Court will join Uniloc 2017 LLC as a party and decline to

---

[1] Unless otherwise indicated, all subsequent ECF citations are to the docket for 18-cv-06737-JST.

[2] The two other cases are 18-cv-06739-JST and 18-cv-6740-JST.

consolidate the cases.

## I.      MOTION TO SUBSTITUTE

Rule 25(c) provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c).  Under Rule 25(c), "The transferee is not joined because its substantive rights are in question; rather, the transferee is brought into court solely because it has come to own the property in issue." *Minn. Min. & Mfg. Co. v. Eco Chem, Inc.*, 757 F.2d 1256, 1263 (Fed. Cir. 1985).  Accordingly, "[t]he merits of the case, and the disposition of the property, are still determined vis-a-vis the originally named parties." *Id.*  The rule "leaves the substitution decision to [the trial] court's sound discretion." *In re Bernal*, 207 F.3d 595, 598 (9th Cir. 2000).

"In the area of patent infringement, [the Federal Circuit] has held that if the original plaintiff lacked Article III initial standing, the suit must be dismissed, and the jurisdictional defect cannot be cured by the addition of a party with standing." *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1203 (Fed. Cir. 2005) (citing *Paradise Creations, Inc. v. U V Sales, Inc.*, 315 F.3d 1304, 1309 (Fed. Cir. 2003)).  Conversely, "the temporary loss of standing during patent litigation can be cured before judgment." *Id.* (citing *Insituform Techs., Inc. v. Cat Contracting, Inc.*, 385 F.3d 1360, 1371-72 (Fed. Cir. 2004)).  In other words, regardless whether the Court permits substitution, this lawsuit cannot proceed unless Uniloc USA and Uniloc Luxembourg had standing at the time the suit was filed. *See Mars, Inc. v. JCM Am. Corp.*, No. CIV. 05-3165 (RBK), 2008 WL 5401604, at *3 (D.N.J. Dec. 23, 2008), *aff'd*, 374 F. App'x 956 (Fed. Cir. 2010) (dismissing action where "Mars, because of its lack of standing, could not assert a claim of infringement of the '589 patent, and therefore MEI, joined as a successor in interest, cannot do so").  And Uniloc 2017 cannot proceed as the sole plaintiff unless it has standing now, presumably derived from the purported transfer of interests in the patents-in-suit. *See Schreiber Foods*, 402 F.3d at 1203.

Defendants raise non-frivolous concerns that allowing the original Plaintiffs to depart this litigation would thwart Defendants' ability to conduct the discovery necessary to clarify who, if

2

anyone, has standing.  ECF No. 71 at 9-10.[3]  In similar circumstances, other courts have exercised

their discretion to join the transferee, rather than substituting that entity, until the ownership of the

patent could be resolved.  *See Mars, Inc.* 2008 WL 5401604, at \*1 ("Because the evidence

presented by the parties did not clearly show whether Mars, MEI or a third party currently owned

the patent, the Court joined MEI as a party plaintiff, rather than substituting MEI for Mars."); *cf.*

*Trend Micro Corp. v. Whitecell Software, Inc.*, No. C 10-02248 WHA, 2010 WL 4722504, at \*4

(N.D. Cal. Nov. 15, 2010) (where declaratory judgment infringer "raised significant doubts over

whether the [defendant patentee's] assignment of the '744 patent was an improper and potentially

collusive maneuver to divest th[e] Court of jurisdiction," ordering limited jurisdictional discovery

into terms of transaction to determine whether actual controversy still existed).

For the foregoing reasons, the Court joins Uniloc 2017 as a party under Rule 25(c).  The

Court does not resolve the question of any Uniloc entity's standing at this time.[4]

## II.      CONSOLIDATION

Rule 42(a) provides that a court may consolidate cases which "involve a common question

of law or fact."  Fed. R. Civ. P. 42(a).  The "district court has broad discretion under this rule to

consolidate cases pending in the same district."  *Investors Research Co. v. U.S. Dist. Court for*

*Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989).  "In determining whether or not to

consolidate cases, the Court should 'weigh the interest of judicial convenience against the

potential for delay, confusion and prejudice.'"  *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d

1049, 1052 (N.D. Cal. 2010) (quoting *Sw. Marine, Inc. v. Triple A Machine Shop, Inc.*, 720 F.

Supp. 805, 806-07 (N.D. Cal. 1989)).

---

[3] The Court notes that, in a series of cases proceeding in this district between Uniloc and Apple, Inc., the Uniloc entities filed a materially identical substitution motion before Judge Alsup.  *See Uniloc USA, Inc. v. Apple Inc.*, 18-cv-00360-WHA, ECF No. 119.  As shown in Plaintiffs' statement of recent decision, Judge Alsup exercised his discretion to keep Uniloc Luxembourg as part of the litigation, citing in part these same concerns about discovery.  *See LGE*, 18-cv-06737-JST, ECF No. 81-1 at 10.

[4] It is unclear from Defendants' opposition whether they oppose the joinder, rather than the substitution, of Uniloc 2017.  Nonetheless, the Court anticipates that the addition of Uniloc 2017 will facilitate the resolution of any standing issues.  Nothing in this order precludes Defendants from bringing an appropriate motion on that basis in the future.

1      Here, while consolidation here would offer some benefits, the Court concludes upon

2 consideration that the cases are not sufficiently similar.  The cases relate to different patents, with

3 mostly different inventors (other than one overlapping inventor between the '079 and '106 patents),

4 different standards, and different technologies.  LGE argues that the cases involve "a common group

5 of smartphone products," ECF No. 82 at 3, and "involve wireless communication technologies,"

6 *id.*, and that "all three cases involve the legal issue of patent infringement," *id.* at 4.  But these

7 same broad statements could apply to a host of patent infringement cases in the wireless

8 communication sector and do not overcome the differences among the cases.

9      The Court concludes that judicial convenience would not be served by consolidating the

10 three cases.  In making this ruling, the Court is relying on the good faith and reasonable judgment

11 of counsel in sharing common information across cases.  The Court may revisit the question of

12 consolidation later in the case.

## III.      PENDING MOTIONS TO DISMISS

14      Finally, the Court notes that motions to dismiss were previously filed in each case before

15 these actions were transferred from the U.S. District Court for the Northern District of Texas.  *See*

16 No. 18-cv-06737-JST, ECF No. 34; No. 18-cv-06739-JST, ECF No. 31; No. 18-cv-06740-JST,

17 ECF No. 34.  In case number 18-cv-06739, Defendants re-filed their motion to dismiss, and the

18 Court issued an order stating that it would not entertain the motion to dismiss until resolving the

19 above questions.  No. 18-cv-06739-JST, ECF Nos. 67, 68.  In their forthcoming joint case

20 management statement, ECF No. 76, the parties should propose a joint or competing schedules for

21 the briefing and hearing of these motions.

22 <center>**CONCLUSION**</center>

23      For the foregoing reasons, the Court joins Uniloc 2017 LLC as a plaintiff pursuant to Rule

24 25(c) and declines to consolidate the cases pursuant to Rule 42(a).

25      **IT IS SO ORDERED.**

26 Dated:  February 19, 2019

27                                JON S. TIGAR

28                            United States District Judge