UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNILOC USA INC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LG ELECTRONICS U.S.A. INC., et al.,<br><br>Defendants. | Case No. 18-cv-06737-JST<br><br>**ORDER GRANTING MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF IPR**<br><br>Re: ECF No. 85 |
| UNILOC USA INC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LG ELECTRONICS U.S.A. INC., et al.,<br><br>Defendants. | Case No. 18-cv-06739-JST<br><br><br><br>Re: ECF No. 73 |
| UNILOC USA INC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LG ELECTRONICS U.S.A. INC., et al.,<br><br>Defendants. | Case No. 18-cv-06740-JST<br><br><br><br>Re: ECF No. 77 |

Before the Court are Defendants' motions to stay proceedings pending resolution of their petitions for *inter partes* review ("IPR") of the patents asserted in these actions. No. 18-cv-06737-JST, ECF No. 85.[1] Plaintiffs oppose the motions. ECF No. 94. For the reasons set forth below,

---

[1] Defendants have filed identical motions in No. 18-cv-06739-JST, ECF No. 73, and No. 18-cv-06740-JST, ECF No. 77. Given that the parties have also filed identical briefs on each motion, the Court uses ECF citations from case number 18-cv-06737-JST, unless otherwise indicated.

the motions are GRANTED.

## I. BACKGROUND

On March 9, 2018, Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg S.A. (collectively, "Uniloc") filed these three patent infringement cases against LG Electronics, Inc., LG Electronics, U.S.A., and LG Electronics MobileComm U.S.A., Inc. (collectively, "LGE") in the Northern District of Texas. ECF No. 1. In each case, Uniloc alleges that LGE electronic devices implementing 3G, LTE, Bluetooth, and HPSA/HPSA+ standards infringe one of Uniloc's patents: (1) U.S. Patent No. 6,868,079 ("the '079 patent"), *see* No. 18-cv-06737-JST, ECF No. 28 ¶ 16; (2) U.S. Patent No. 7,020,106 ("the '106 patent"), *see* No. 18-cv-6739-JST, ECF No. 27 ¶ 23; and (3) U.S. Patent No. 7,167,487 ("the '487 patent"), *see* No. 18-cv-06740-JST, ECF No. 30 ¶ 24. All three cases were transferred to this district in November 2018. ECF No. 46. The Court related the cases on January 15, 2019, ECF No. 74, and joined Uniloc 2017 LLC as Plaintiff on February 19, 2019. ECF No. 83.

LGE[2] has petitioned the United States Patent and Trademark Office ("PTO") for *inter partes* review of the '079, '106, and '487 patents. ECF No. 85 at 6. On November 12, 2018, LGE filed two IPR petitions challenging claims of the '106 patent. *See* IPR2019-00219 (claims 15-18); IPR2019-00220 (claims 15, 17-18). Under the governing statute and its own regulations, the PTO is due to determine whether to institute IPR on these petitions by May 20, 2019. ECF No. 85 at 6; *see also* 35 U.S.C. §§ 313-314; 42 C.F.R. §§ 42.106-.107.

On the same day, LGE submitted two more IPR petitions challenging claims of the '487 patent. *See* IPR2019-222 (claims 1-6); IPR2019-00252 (claims 11-13). The PTO's decision whether to institute IPR is expected by June 6, 2019. ECF No. 85 at 7. More recently, on March 4, 2019, non-party Microsoft Corp. also petitioned for IPR review of the same claims of the '487 patent, asserting additional grounds why those claims are invalid. *See* IPR2019-00744 (claims 1-6); IPR2019-00745 (claims 11-13). At the latest, the PTO would render an institution decision on Microsoft's petitions by September 28, 2019.

---

[2] LGE filed its petitions with non-parties Apple, Inc., Samsung Electronics Co. Ltd., and Samsung Electronics America, Inc..

Finally, on January 10, 2019, LGE filed an IPR petition seeking review of claims 17 and 18 of the '079 patent. IPR2019-00510. A response from the PTO is due by August 21, 2019.

On March 8, 2019, LGE filed these motions to stay proceedings until the seven IPR petitions described above have been resolved. ECF No. 85.

Under the current case schedule, LGE's invalidity contentions are due by May 13, 2019. *Id.* at 11. A scheduling order for claim construction has been issued, with a claim construction discovery cut-off of August 19, 2019, and the *Markman* hearing calendared for November 4, 2019. ECF No. 93. No further dates are set.

## II. LEGAL STANDARD

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (internal citations omitted). In determining whether to stay a case pending review by the PTO, courts consider the following factors: (1) whether discovery in the case is complete and whether a trial date has been set; (2) whether a stay would simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. *In re Cygnus Telecomms. Tech., LLC, Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005); *see also Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016) (applying the framework applicable to motions to stay pending reexamination by the PTO to motions to stay pending the newer *inter partes* review process). While case law supplies these general considerations, the Court ultimately must decide whether to issue a stay on a case-by-case basis. *Asetek Holdings, Inc. v. Cooler Master Co., Ltd.*, No. 13-cv-00457-JST, 2014 WL 1350813, at *1 (N.D. Cal. Apr. 3, 2014).

## III. DISCUSSION

### A. Stage of the Proceedings

The first factor asks the Court to consider the progress already made in the case, such as the completion of discovery, the setting of a trial date, or whether claim construction has occurred. *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1031 (C.D. Cal. 2013). Although courts generally evaluate the state of the litigation at the time the motion to stay

3

was filed, they may also consider subsequent progress in the case. *GoPro, Inc. v. C&A Mktg., Inc.*, No. 16-CV-03590-JST, 2017 WL 2591268, at *3 (N.D. Cal. June 15, 2017); *see also VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1317 & n.6 (Fed. Cir. 2014).

Here, the parties agree that "very little discovery" has occurred. ECF No. 94 at 6; ECF No. 96 at 6. Indeed, when LGE filed these motions, the Court had yet to issue a scheduling order. *Cf.* ECF No. 93. Although the Court may take into account the deadlines it subsequently set, *see GoPro*, 2017 WL 2591268, at *3, the fact remains that those deadlines are not imminent. Claim construction discovery closes more than five months after the stay motion was filed, a *Markman* hearing is set for almost eight months from that same filing date, and there is no trial scheduled. ECF No. 93. LGE has not yet served its invalidity contentions, and the parties have not yet begun claim construction proceedings. *See generally* Patent L.R. 4.[3]

The Court has previously found that this factor weighed in favor of a stay in cases where the parties had invested far more resources and moved their cases closer to resolution than is the case here. In *GoPro*, for instance, "the parties had already exchanged infringement and invalidity contentions and made their corresponding document productions under Patent Local Rules 3-2 and 3-4, exchanged written discovery, and made their initial claim construction disclosures." 2017 WL 2591268, at *3. And after the motion was filed, "the parties provided their respective technology tutorials and the Court expended resources in reviewing the parties' claim construction disclosures and preparing for the tutorial and *Markman* hearing." *Id.* Nonetheless, the Court concluded that the case was "in its early stages," relying on the more burdensome nature of the remaining discovery and the lack of a schedule for dispositive motions or a trial date. *Id.*

Similarly, in *SAGE Electrochromics, Inc. v. View, Inc.*, the parties had "exchanged documents, responded to discovery requests, litigated a discovery dispute, underwent claim construction for four patents, and briefed claim construction on the remaining five patents." No. 12-CV-06441-JST, 2015 WL 66415, at *2 (N.D. Cal. Jan. 5, 2015). The Court reached the same

---

[3] The parties dispute, with little discussion and without any supporting evidence, whether LGE has served invalidity contentions. ECF No. 94 at 6; ECF No. 96 at 7 n.3. Given that Uniloc is the party attempting to prove that this event occurred, the Court resolves this dispute in LGE's favor and assumes for purposes of this motion that LGE has not served invalidity contentions.

4

conclusion. *Id.*; *see also Cypress Semiconductor Corp. v. GSI Tech., Inc.*, No. 13-CV-02013-JST, 2014 WL 5021100, at *2 (N.D. Cal. Oct. 7, 2014) (finding factor supported stay where "the Court has not set dates for the close of fact or expert discovery, no depositions have been taken or scheduled, little expert discovery has been conducted, claim construction has only occurred with respect to the patents that are not the subject of this motion, and no dispositive motions have been scheduled or heard.").

Uniloc's emphasis on the "substantial efforts" already invested by both parties does not distinguish this case. ECF No. 94 at 6-7. Uniloc cites resources expended on motions regarding preliminary motions to transfer, to substitute a party, and to consolidate these cases, *id.*, but even assuming those efforts were "substantial," the parties have barely begun to address the merits of Uniloc's claims. The Court also finds that the parties' efforts related to LGE's motions to dismiss do not weigh against a stay. As LGE notes, Uniloc has twice responded by filing (or requesting leave to file) an amended complaint, ECF Nos. 28, 90, and so no court has reached the merits of the issues raised by these motions. *Cf. Symantec Corp. v. Zscaler, Inc.*, No. 17-CV-04426-JST, 2018 WL 3539267, at *2 (N.D. Cal. July 23, 2018) (finding that this factor favored a stay even where the Court had already "ruled on one motion to dismiss and a motion for judgment on the pleadings"). To the extent that Uniloc believes that its efforts on this front will be wasted, Uniloc is at least partly at fault for adopting this seemingly inefficient approach. *See SAGE*, 2015 WL 66415, at *3 (rejecting prejudice argument because "as a result of its continued amendments to its complaint and infringement contentions, [plaintiff] bears some responsibility for the already-protracted length of the litigation").

This factor accordingly weighs in favor of stay.

**B.     Simplification of the Issues and Trial in this Case**

The next factor asks the Court to examine whether and to what degree a stay will simplify the litigation. *PersonalWeb Techs., LLC v. Facebook, Inc.*, No. 5:13-CV-01356-EJD, 2014 WL 116340, at *4 (N.D. Cal. Jan. 13, 2014).

Uniloc does not dispute that the IPR petitions collectively challenge every claim asserted in these three cases. ECF No. 85 at 10; *cf.* ECF No. 94 at 5-6. Accordingly, resolution of these

petitions has significant potential to simplify this litigation. The Patent Trial and Appeal Board ("PTAB") may cancel all of the asserted claims of one or more patents, thereby mooting one or more of these cases. Further, "[i]n the event the PTAB cancels or modifies any of the asserted claims" in a patent, it would still narrow and simplify the scope of the case involving that patent. *PersonalWeb Techs.*, 2014 WL 116340, at *4. Finally, "[e]ven if the PTAB affirms the validity of every asserted claim, which is highly unlikely given the new higher standard for instituting IPR, these cases would still benefit as such a strong showing would assist in streamlining the presentation of evidence and benefit the trier of fact by providing the expert opinion of the PTO." *Id.*

LGE offers two reasons why IPR decisions have become more beneficial to district courts in recent years. First, the Federal Circuit has held, consistent with the prior view of many district courts, that "statements made by a patent owner during an IPR proceeding can be relied on to support a finding of prosecution disclaimer during claim construction." *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1359 (Fed. Cir. 2017); *see also id.* at 1361 & n.3 (collecting district court cases). Second, as of November 13, 2018, the PTAB employs "the same claim construction standard that would be used to construe the claim in a civil action" before this Court, 37 C.F.R. § 42.100(b), rather than the "broadest reasonable construction" standard that previously governed IPR proceedings. 37 C.F.R. § 42.100(b) (2016). Because this standard applies to LGE's IPR petition for the '079 patent and Microsoft's IPR petitions for the '487 patent, LGE reasons that the PTAB's claim construction in those proceedings will be even more instructive. ECF No. 96 at 8-9.

While these developments appear to enhance the potential for IPR proceedings to simplify litigation, this benefit still hinges on the PTO's forthcoming decisions whether to *actually institute* IPR. Courts, including this one, have recognized that "the filing of an IPR request by itself does not simplify the issues in question and trial of the case. Ultimately, the PTO may not institute IPR proceedings." *TPK Touch Solutions, Inc. v. Wintek Electro-Optics Corp.*, No. 13–CV–02218–JST, 2013 WL 6021324, at *4 (N.D. Cal. Nov. 13, 2013); *see also DiCon Fiberoptics, Inc. v. Precisely Microtechnology Corp.*, No. 15-cv-01362-BLF, 2015 WL 12859346, at *2 (N.D. Cal.

Oct. 13, 2015) (finding that "the question of whether a stay will simplify and streamline the issues in this litigation depends entirely on whether the PTAB decides to grant the IPR petition").

This Court's temporary stay in *Grobler v. Apple Inc.*, No. 12-cv-01534-JST (N.D. Cal. June 6, 2013), ECF No. 67, is not to the contrary. There, the claim construction process was "imminent," with the *Markman* hearing scheduled for July 23, 2013. *Grobler*, ECF No. 52. As the Court has emphasized in another case, given that the PTO's institution decision in *Grobler* was set to issue the day before that hearing, "the Court found it prudent in that case to wait for the institution decision rather than holding a *Markman* hearing a day after the institution decision." *GoPro*, 2017 WL 2591268, at *4. That is not the situation here.

LGE further argues that, even if the PTO does not institute IPR, a stay is still appropriate because the Federal Circuit's *Aylus* decision holds that prosecution disclaimer may also be based on the patentee's statements "in a preliminary response [opposing IPR] before the Board issued its institution decision." 856 F.3d at 1361. The Court concludes, however, that the possibility that one potential claim construction argument will emerge from the patentee's preliminary response is too speculative to independently support a stay.[4]

Thus, as a general matter, the Court is not inclined to give substantial weight to this factor until the PTO has actually decided to institute review. However, there are at least three reasons to do so here. First, the requested stay presents the maximum potential for simplification of issues, as all the asserted claims are challenged in the IPR petitions. This high upside mitigates to some extent the risk that the PTO will deny review. Second, given the degree to which the PTO's decisions may impact these cases, it would be particularly wasteful to require the parties to proceed with preparations and filings that may be reshaped or entirely mooted a short while later. For example, LGE's invalidity contentions are due May 13, 2019, ECF No. 85 at 11 – one week

---

[4] The Court notes, moreover, that LGE cites no authority applying *Aylus* to justify a pre-institution stay. LGE's argument is further undermined by the fact that Uniloc has already filed preliminary responses to LGE's petitions on the '106 patent and the '487 patent on February 20, 2019, and March 6, 2019, respectively. *See* IPR2019-00219; IPR2019-00220; IPR2019-00222; IPR2019-00252. To the extent those responses support prosecution disclaimer, LGE already has them. For the '079 patent, Uniloc's preliminary response is due May 21, 2019, at the outset of the claim construction process. IPR2019-00510.

7

before the PTO's institution decision on '106 patent petitions, *id.* at 6.[5] Finally, the PTO's decisions on LGE's petitions are expected May 20, June 6, and August 21, 2019. A temporary stay of less than four months until the PTO makes its decisions will cause relatively little delay to this case or prejudice to the parties.

In these circumstances, other courts in this district have found that the potential for simplification outweighs the uncertainty inherent in a pre-institution stay. In *Delphix Corp. v. Actifio, Inc.*, the court emphasized that "the patents subject to IPR are a *significant* portion of this action," and reasoned that, "[a]t a minimum, instituting a brief, limited stay of approximately five months to see whether and how the PTAB will act on Defendant's IPR petitions will conserve judicial resources and avoid inconsistent results." No. 13-CV-04613-BLF, 2014 WL 6068407, at *2 (N.D. Cal. Nov. 13, 2014). The *PersonalWeb Technologies* court likewise confronted a situation where "nearly all the claims asserted . . . [we]re subject or potentially subject to some form of PTO scrutiny." 2014 WL 116340, at *4. The court concluded that the pre-institution status of some petitions did not "outweigh[] the anticipated simplification afforded by a stay," particularly in light of the "relatively short" three month delay until the PTO issued its institution decisions. *Id.* These same considerations support a stay here.

Finally, the Court notes that LGE seeks a stay pending Microsoft's IPR petitions regarding the '487 patent. ECF No. 85 at 5, 7. If the PTO institutes IPR on those petitions (but not the '487 patent petitions filed by LGE), LGE will not be statutorily estopped from asserting the Microsoft's invalidity arguments before this Court, thereby frustrating in part the purpose of a stay. *See PersonalWeb Techs.*, 2014 WL 116340, at *5 (citing 35 U.S.C. § 315(e)(2)). Under these circumstances, courts have "alleviate[d] any estoppel concern as to these defendants by using [their] inherent power to condition a stay on [defendants'] agreement to be bound as if they themselves had filed the relevant IPR petition." *Id.*; *see also Capella Photonics, Inc. v. Cisco Sys.,*

---

[5] LGE also argues that it shoulders a disproportionate discovery burden because Uniloc is a non-practicing entity ("NPE") that does not make or sell products. ECF No. 85 at 12. Although Uniloc's NPE status is relevant to whether it will suffer irreparable harm during a stay, the Court does not see how it pertains to whether a stay will simplify the issues. Moreover, the Supreme Court's discussion of NPEs filing frivolous cases, *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1930-31 (2015), does not shed light on the merits of Uniloc's opposition to this motion.

1  *Inc.*, No. C-14-3348 EMC, 2015 WL 1006582, at *3 (N.D. Cal. Mar. 6, 2015). LGE has filed a

2  stipulation agreeing to such a condition. ECF No. 107 at 2. Accordingly, this factor supports a

3  stay pending Microsoft's IPR petitions as well.

4  The Court therefore concludes that, on these facts, this factor weighs slightly in favor of a

5  stay.

### C. Prejudice to Non-Moving Party

The last factor is "whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *TPK Touch Solutions, Inc.*, 2013 WL 6021324, at *4 (citing *KLA–Tencor Corp. v. Nanometrics, Inc.*, No. 05–cv–03116–JSW, 2006 WL 708661, at *3 (N.D. Cal. Mar. 16, 2006)). In weighing the prejudice to the non-moving party, courts consider four sub-factors: "(1) the timing of the petition for review; (2) the timing of the request for the stay; (3) the status of review proceedings; and (4) the relationship of the parties." *Cypress Semiconductor Corp. v. GSI Tech., Inc.*, No. 12-cv-02013-JST, 2014 WL 5021100 at *3 (N.D. Cal. Oct. 7, 2014). "Speculation that evidence will be lost, without more, is insufficient to demonstrate undue prejudice." *Evolutionary Intelligence, LLC v. Millenial Media, Inc.*, No. 5:13-cv-04206-EJD, 2014 WL 2738501, at *6 (N.D. Cal. June 11, 2014); *see also Software Rights Archive, LLC v. Facebook, Inc.*, No. C-12-3970 RMW, 2013 WL 5225522, at *5 (N.D. Cal. Sept. 17, 2013) ("Delay alone, without specific examples of prejudice resulting therefrom, is insufficient to establish *undue* prejudice.").

#### 1. Timing of IPR Request

The Court first considers the timing of the petition for review. This Court "expects defendants to evaluate whether to file, and then to file, IPR petitions as soon as possible after learning that a patent may be asserted against them." *TPK Touch Solutions, Inc.*, 2013 WL 6021324, at *4. If delay is the result of an accused infringer exercising diligence in researching the asserted patents and preparing its IPR filing, this does not unduly prejudice the patent owner. *Id.*

Here, LGE filed four petitions for IPR review on November 12, 2018, seven months after Uniloc filed its complaints, and a fifth petition on January 10, 2019. ECF No. 85 at 6-7. This is

within the one-year statutory limit. *See SAGE*, 2015 WL 66415, at *3 ("Delay alone [within the statutory deadline] does not usually constitute undue prejudice because parties having protection under the patent statutory framework may not complain of the rights afforded to others by that same statutory framework." (alteration in original) (quoting *Asetek,* 2014 WL 1350813, at *4)). Although Uniloc claims that LGE "could have acted more expeditiously, there is no support for the contention that [LGE] unduly delayed its filing of the IPR petitions." *SAGE*, 2015 WL 66415, at *3. This subfactor is therefore neutral.

### 2. Timing of Motion to Stay

LGE filed its motions to stay on March 8, 2019, roughly four months after the '106 and '487 patent petitions and two months after the '079 patent petition. Uniloc argues that a "routine motion to stay" pending IPR proceedings "should not take months to prepare and file," and that this delay weighs against a stay. ECF No. 94 at 7. LGE counters that these cases were assigned to different judges when they were initially transferred to this district in November 2018, and that it waited until this Court resolved Uniloc's motion to substitute and the question of consolidation. ECF No. 96 at 11. LGE emphasizes that it filed these motions to stay within three weeks of the Court's order on those issues.

The Court agrees that it was reasonable for LGE to wait until it was clear which Uniloc entities would be opposing this motion and whether the motion would apply to a single consolidated case. Because nothing in LGE's "conduct suggests that its decision was tactical" in a manner designed to disadvantage Uniloc, *Asetek*, 2014 WL 1350813, at *5, the Court finds this sub-factor neutral.

### 3. Status of IPR Proceedings

Third, the Court considers the status of the IPR proceedings. As discussed above, the PTO has not yet instituted IPR, but decisions are expected by May 20, 2019 for the '106 patent, by June 6, 2019 for the '487 patent, and by August 21, 2019 for the '079 patent. ECF No. 85 at 6-7. While this sub-factor weighs against a stay, *see SAGE*, 2015 WL 66415, at *4 (citing *TPK Touch Solutions, Inc.*, 2013 WL 6021324, at *5), its weight is lessened by the considerations articulated above.

10

#### 4. Relationship of Parties

Finally, LGE and Uniloc are not competitors. Therefore, Uniloc will not suffer "irreparable harm" from LGE's continued use of the accused technology, and "can be fully restored to the *status quo ante* with monetary relief." *Software Rights Archive, LLC v. Facebook, Inc.*, No. 12-cv-3970-RMW, 2013 WL 5225522, at *6 (N.D. Cal. Sept. 17, 2013). In other words, "[a] stay will not diminish the monetary damages to which [Uniloc] will be entitled if it succeeds in its infringement suit – it only delays realization of those damages and delays any potential injunctive remedy." *VirtualAgility*, 759 F.3d at 1318. That Uniloc did not seek injunctive relief further undercuts its prejudice argument. *Id.* While Uniloc is correct that neither consideration is dispositive, both weigh in favor of a stay. *See id.*; *TPK Touch Solutions, Inc.*, 2013 WL 6021324 at *5.

Against these considerations, Uniloc identifies no specific prejudice that a stay would impose. Uniloc argues only that the IPR process will delay its ability to assert its patents, relying on a line of cases from the Eastern District of Texas. ECF No. 94 at 8 (citing, among others, *Saint Lawrence Commc'ns LLC v. ZTE Corp.*, No. 2:15-CV-349-JRG, 2017 WL 3396399, at *2 (E.D. Tex. Jan. 17, 2017)). But courts in other districts, including this district, "have long acknowledged that a delay inherent to a stay does not, in and of itself, constitute prejudice." *Oyster Optics, LLC v. Ciena Corp.*, No. 17-CV-05920-JSW, 2018 WL 6972999, at *3 (N.D. Cal. Jan. 29, 2018) (quoting *PersonalWeb Techs.*, 2014 WL 116340, at *5); *see also Wonderland Nursery Goods Co. v. Baby Trend, Inc.*, No. EDCV 14-01153-VAP, 2015 WL 1809309, at *4 (C.D. Cal. Apr. 20, 2015) ("While it is true that any delay may be prejudicial to a party filing a claim for patent infringement, Plaintiff has not shown any unique prejudice beyond what any plaintiff necessarily experiences when its suit is stayed pending IPR."); *Neste Oil Oyj v. Dynamic Fuels, LLC*, No. CIV.A. 12-662-GMS, 2013 WL 424754, at *2 (D. Del. Jan. 31, 2013) ("The court also recognizes, however, that the potential for delay does not, by itself, establish *undue* prejudice."). Given the weight of this authority, and the lack of a competitor relationship, the Court finds that this sub-factor supports a stay.

In sum, the Court finds no undue prejudice or tactical disadvantage to Uniloc,

notwithstanding that the PTO has not yet instituted IPR.

## **CONCLUSION**

For the foregoing reasons, the Court grants LGE's motions to stay these cases pending the resolution of the seven IPR petitions described above. All pending deadlines established in the Court's March 25, 2019 Scheduling Order are stayed. Within seven days of each of the PTO's institution decisions, the parties are ordered to file a joint case management statement apprising the court of the PTO's decision and requesting such further relief as may be appropriate.

**IT IS SO ORDERED.**

Dated: April 29, 2019



JON S. TIGAR
United States District Judge